## Hamilton, Trustee, *v.* Lockhart et al., Appellants.

*Bond—Consideration—Duress—Affidavit of defence.*

A married man, having entered into articles of separation with his wife,
gave a bond wherein he covenanted to pay a certain amount each month
for her support. The obligor's mother joined in the bond at the same time,
and some months afterwards gave a written recognition of her liability on
the bond.    In a suit upon the bond, defendants filed an affidavit of defence
in which they averred that they were induced to sign the bond by the
threat of the arrest of the husband for adultery, and that the mother had
signed the ratification of the bond by reason of similar threats.    There
was no averment that there was an agreement or promise by the obligee
not to prosecute her husband, nor was there any averment that the obligors
would not have signed the bond without such promise.    The affidavit did
not deny that the wife was entitled to a separation, or that her husband
was bound to provide for her maintenance, or that the sum named in the
bond was excessive.    *Held*, that the affidavit of defence was insufficient
to prevent judgment.

Argued Oct. 31, 1893.    Appeal, No. 195, Oct. T., 1893, by
defendants, Charles P. Lockhart and Mary G. Lockhart, from

order of C. P. No. 2, Allegheny Co., April T., 1893, No. 781, making absolute rule for judgment for want of sufficient affidavit of defence in favor of plaintiff, William Hamilton, trustee of Mary McI. Lockhart. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on bond. Rule for judgment for want of sufficient affidavit of defence. Before WHITE, J.

The affidavit of defence averred:

" That Charles P. Lockhart, one of the defendants, is the husband of Mary McI. Lockhart, the use plaintiff; that previous to the execution of the bond on which this suit is brought the plaintiff, said Mary, had charged the said Charles P. Lockhart with infidelity, and with having committed adultery with parties to the plaintiff unknown, and that, pursuant to such charge, had employed detectives to follow and spy upon the said Charles P. Lockhart; that said detectives had procured from certain persons letters alleged to have been written by said Charles P. Lockhart to other females; that they had, as they alleged, procured evidence sufficient to arrest and convict him of adultery. That, having thus prepared these charges, they fixed a time and place for meeting, confronted him with the charges, and told him that they had the evidence to convict him of the charge of adultery, and demanded from him the execution of written articles of separation between him and his wife, and the execution, also, of a bond in the sum of ten thousand dollars, conditioned for the payment of one hundred dollars per month to his said wife, as the condition of his immunity from arrest and conviction on the said charge. That he, with his attorney, O. D. Thompson, listened to these charges and refused to accede to the demands, and to sign either the article of separation or the bond. That to impress him with the necessity of immediately executing the said papers, the said plaintiffs told the said Charles P. Lockhart that they had an officer in waiting in an adjoining room, which officer was pointed out and was present for the purpose indicated, to wit, to arrest the said Charles P. Lockhart in default of his execution of the said papers. That the said Charles P. Lockhart, being under duress, threatened with arrest and conviction, yet, under the advice of his counsel, refused to sign either of said papers, but re-

quested an adjournment of the meeting to another day. That they met again, when the same charges were repeated, the same threats made with more vindictiveness than before; that to escape arrest and to evade a prosecution, to settle and compound the charges, and to escape conviction for the crime charged, to wit, adultery, and to settle, compound, and be freed forever from the said charge, notwithstanding the advice of his counsel, the said Charles P. Lockhart, under these circumstances, intimidated in this manner, and for the purpose of escaping the punishment as stated, signed his name to the said bond.

" That the said Charles P. Lockhart did present to his mother a certain paper for her signature which he obtained, but that it now turns out that it was a paper different from the one his mother supposed it to be when she attached her name thereto; that subsequently, in her absence, some one attached his name to the said bond as a witness to the signature, although he did not see the bond signed, or know that it had been executed; that the signature of the said Mary G. Lockhart was procured to the said bond thinking that she was at the time signing another paper, and not knowing that she was becoming responsible for the payment of ten thousand dollars, as stipulated in said bond.

" That the plaintiffs, knowing the informality of the bond, as far as she was concerned, and believing, as affiants do, that its execution was then void, wrote to the attorney of the affiants, or rather the attorney of the plaintiffs, at their instance, wrote a letter to the affiants' attorney, to wit, O. D. Thompson, in which letter the threats already made as to the arrest and conviction of the affiant, Charles P. Lockhart, were repeated, and Charles P. Lockhart was again threatened unless the said Mary G. Lockhart would attach her name to or recognize and affirm the said ten thousand dollar bond. That this letter was presented to the said Mary G. Lockhart, the contents read and explained to her; but, in the meantime, the said attorney of the plaintiffs had already visited the said Mary G. Lockhart, repeated in substance orally what he had written in the said letter; that the said Mary refused to either re-sign, acknowledge or affirm in any manner the said bond; that on the reading and explaining the letter to her by the attorney, O. D. Thompson, she repeated that to avoid the scandal, to save her son and family from exposure, trial and imprisonment, if it would do so, she would

sign the bond, and thereupon, under these threats, this duress, and for the purpose already indicated, she did sign the bond in suit.

" That the affiants are advised, and therefore affirm, that the said bond was demanded for an illegal and improper purpose ; that illegal and improper means were used to effect its execution ; that it was obtained, if at all, under threats of criminal prosecution, and that its execution under such circumstances, being, as it was, given to stifle prosecution for adultery, to settle and compound a charge made and then pending, and that under these circumstances and for these reasons the said bond is null and void and that the plaintiffs cannot enforce it, or any part of it, against the affiants, or either of them.

" That said Charles P. Lockhart further avers that the terms of the written settlement agreed upon and signed as a part of the consideration of said bond, as far as he is concerned, have not been carried out by the plaintiff, his wife, nor by any person for her ; but, on the contrary, its terms in material parts, to wit, his right to see and have his children, from time to time, at the places and under the circumstances set out in the written settlement, have been by the plaintiffs disregarded, and the covenants as to this part and others broken. That for these reasons the written agreement of settlement as made and signed, as also the bond accompanying it, and on which this suit is brought, are void, not enforceable in law ; and that for these reasons both the affiants, the defendants in this suit, have, as they are advised, a complete, perfect and legal defence to the whole of plaintiffs' claim in this action."

The agreement of settlement was not given.    Rule absolute ; judgment for plaintiff.    Defendants appealed.

*Error assigned* was entry of judgment.

*John M. Thompson, O. D. Thompson* with him, for appellants, cited : Filson v. Himes, 5 Pa. 454 ; Ham v. Smith, 87 Pa. 63 ; Bredin's Ap., 92 Pa. 241 ; Riddle v. Hall, 99 Pa. 123 ; Ormerod v. Dearman, 100 Pa. 561 ; Dickson v. Thomas, 97 Pa. 278 ; Mitchell v. Smith, 4 Dal. 269 ; Whitmore v. Farley, 45 L. T., N. S. 99.

*T. D. Chantler, S. W. Cunningham* with him, for appellee, cited : Rohrheimer v. Winters, 126 Pa. 253 ; Markley v. Stevens, 89 Pa. 279 ; Hilbor v. Bucknam, 7 Atl. R. 272 ; Collins v. Blantern, 1 Sm. L. Cas., part. 2, 734 ; Bibb v. Hitchcock, 4 Ala. 468 ; Armstrong v. Southern Express Co., 4 Bax. (Tenn.) 376 ; Swope v. Jefferson Fire Ins. Co., 93 Pa. 251 ; L. & S. Association v. Bullard, 1 Del. Co. R. 122 ; Riddle v. Hall, 99 Pa. 123 ; Williams v. Dreschler, 14 W. N. 211.

PER CURIAM, November 13, 1893 :

An examination of the statement of claim and affidavit of defence has satisfied us that there was no error in entering judgment in favor of the plaintiff for want of a sufficient affidavit of defence.    It is not sufficiently denied that there was a good and adequate consideration for the bond in suit.    After reciting therein that Charles P. Lockhart, one of the defendants, had, on that day, entered into articles of separation with his wife, the use plaintiff, wherein he covenanted to pay for the support of his said wife and his minor children the sum of one hundred dollars per month, during her life and until the youngest child shall attain its majority, the condition of the bond is, that the said Charles shall pay in accordance with the provisions of said articles of separation.    Nearly ten months after the bond was given, the other defendant, Mary G. Lockhart, as averred in the statement of claim, gave a written recognition of her liability on said bond, the execution of which she at the same time acknowledged.

It is not sufficiently averred, either that the bond was originally signed, or afterwards ratified, under duress.    In brief, the affidavit of defence fails to disclose any sufficient defence.

Judgment affirmed.